STEVEN G. KALAR
Federal Public Defender
Northern District of California
SEVERA KEITH
Assistant Federal Public Defender
8th Floor - Suite 820
55 South Market Street
San Jose, CA 95113
Telephone:  (408) 291-7753
Facsimile:  (408) 291-7399
Email:  Severa_Keith@fd.org

Counsel for Defendant SANCHEZ

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GABRIEL SANCHEZ,<br><br>Defendant. | **Case No.:** CR 20–00282 BLF (NC)<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO REOPEN DETENTION HEARING AND FOR RECONSIDERATION OF DETENTION ORDER**<br><br>**Court:**  Courtroom 5, 4th Floor<br>**Hearing Date:** January 14, 2021<br>**Hearing Time:** 1:00 P.M. |

TO DAVID ANDERSON, UNITED STATES ATTORNEY, and JEFFREY BACKHAUS, ASSISANT UNITED STATES ATTORNEY:

PLEASE TAKE NOTICE THAT ON January 14, 2021, at 1:00 p.m., or as soon as thereafter as the matter may be heard, Defendant Gabriel Sanchez, by and through counsel, will, and hereby does, move the Court pursuant to 18 U.S.C. § 3142(f)(2)(B), and all other applicable statutes and case law, to enter an order reopening the detention hearing and to reconsider the detention order issued on July 2, 2020. ECF 8.

DEF. MTN. TO REOPEN DET. HRG.
*SANCHEZ*, CR 20–00282 BLF (NC)

1

1  This motion is based on the instant Notice of Motion, the Memorandum of Points and
2  Authorities which follows, the files and records of this case, the argument made at the hearing on this
3  motion, and such further argument and memoranda as may later be presented.

DATED: January 11, 2021                         Respectfully submitted,

                                              STEVEN G. KALAR
                                              Federal Public Defender

                                              */s/ Severa Keith*
                                              SEVERA KEITH
                                              Assistant Federal Public Defender

                                              Attorneys for Defendant
                                              GABRIEL SANCHEZ

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

On May 13, 2020, the Government filed a one count complaint charging Mr. Sanchez with Felon in Possession of a Firearm under 18 U.S.C. § 922(g)(1), ECF 1, and on June 25, 2020, Mr. Sanchez initially appeared before the Court on that charge. ECF 5. On July 2, 2020, the Court presided over a detention hearing, and after hearing argument, the Court ordered Mr. Sanchez detained. ECF 8. The Court specifically rested the detention order on the recommendation of Pretrial Services. *Id.*

Mr. Sanchez respectfully requests the Court[1] reopen the detention hearing under 18 U.S.C. § 3142(f)(2)(B), and permit him to present additional information in support of his request for pretrial release. In addition, he requests the Court revoke the current detention order, and issue a new order releasing him on strict pretrial conditions, as described below. Mr. Sanchez seeks release to a substance treatment program, and if that is not available, to the home of his fiancée, Stephanie Gonzalez, who is also willing to be his custodian

### II. THE COURT SHOULD RE-OPEN THE DETENTION HEARING BASED ON INFORMATION NOT AVAILABLE AT THE TIME OF THE DETENTION HEARING

A defendant may move to reopen a detention hearing if the Court "[1] finds that information exists that was not known to the movant at the time of the hearing and [2] that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2)(B); *United States v. Espinoza*, 2009 WL 3614849 (E.D. Cal., Oct. 27, 2009). When bringing such a motion, the party must demonstrate some legitimate reason for not presenting the evidence initially. *United States v. Flores*, 856 F. Supp. 1400, 1405 (E.D. Cal. 1994). New information obtained through the exercise of due diligence qualifies. *United States v. Bills*, 2019 WL 1901643 (M.D. Tenn., April 29, 2019). Moreover, new information exists under this rule if, for example, the defendant presents additional sureties not originally presented at the detention hearing. *United States v. Ward*, 63 F. Supp. 2d 1203, 1207 (C.D. Cal. 1999). Evidence under the rule is

---

[1] In the interest of clarity, Mr. Sanchez makes this motion with the intent of reopening the detention hearing before the magistrate court, as opposed to having a new detention hearing before the district court. *See* 18 U.S.C. § 3142(f)(2)(B); N.D. Cal. L.R. 46-1.

DEF. MTN. TO REOPEN DET. HRG.
*SANCHEZ*, CR 20–00282 BLF (NC)

3

material "if there is a reasonable probability that . . . the result of the proceeding would have been different" had that information been originally presented. *Bills*, 2019 WL 1901643, at *4 (internal citation omitted). Here, Mr. Sanchez seeks to reopen the detention hearing on the basis of new material information.

The initial detention hearing took place on July 2, 2020. Since that time, circumstances have changed, such that information now exists that has a material bearing on matters related to appearance and safety of the community. Thus, there exists a legitimate reason why this information was not presented to the Court at the detention hearing.

First, at the time of the detention hearing, the proposed surety, Stephanie Gonzales, was unemployed and on disability due to a workplace injury. Since that time, she has obtained employment in the Medical Records Department of San Joaquin County Behavioral Health Services. Ms. Gonzales relocated to San Joaquin County for her work and to be closer to her ailing mother, who also lives there. Ms. Gonzales is viable as a surety, willing to sign a bond, and act as a custodian. As she is a viable surety, a violation of his pretrial release conditions would expose her to serious financial harm.

Additionally, Mr. Sanchez has engaged in self-rehabilitation, working to earn his GED while in custody by participating in the Five Keys GED program since November 9, 2020, and he has remained sober during his time in custody. Mr. Sanchez desires to better himself, including finishing his education and recovering from his substance abuse issues. For this reason he is requesting release to a program. He will comply with all court orders, including location monitoring, that the court imposes.

### III.  COVID-19 CONDITIONS AT SANTA RITA JAIL

As this Court is well aware, the COVID-19 condition at the Santa Rita Jail is extremely concerning, with many positive inmates at this time, cases increasing, and a relatively high inmate population. *See Babu v. County of Alameda*, 5:18-cv-07677-NC, Dkt 221 at 2-4.

According to the CDC, obesity (BMI of 30 or higher) increases the risk of severe illness from COVID-19, and even being significantly overweight (BMI between 25 and 29) "might increase your risk of severe illness from COVID-19." *See* CDC, *People at Increased Risk for Severe Illness*

(hereinafter "*Increased Risk*"), http://www.cdc/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html. Mr. Sanchez is 5'6" and 195 pounds. This puts his BMI at 31.5, indicating obesity and increased risk of severe illness from COVID-19. *See* BMI Calculator, https://www.nhlbi.nih.gov/health/educational/lose_wt/BMI/bmicalc.htm. As such, he is considered obese and at a very high risk of severe illness and death from COVID-19.

The Court should take into account this severe risk that Mr. Sanchez faces while incarcerated at Santa Rita Jail, if he contracts COVID-19.

### IV. CONDITIONS OF RELEASE EXIST THAT REASONABLY ASSURE SANCHEZ' APPEARANCE AND SAFETY OF THE COMMUNITY

Mr. Sanchez respectfully contends that, in light of the new information described above, this Court can fashion pretrial release conditions that would reasonably assure his appearance and the safety of the community. Mr. Sanchez has lived in San Jose his entire life, except for a short period of time when he resided with his mother in Los Banos. He has no failures to appear.

The Government must establish that Mr. Sanchez poses more than an *ordinary* flight risk; it must establish he poses a *serious* flight risk. 18 U.S.C. § 3142(f)(2). The Government cannot meet that burden here, based on Mr. Sanchez's personal circumstances, combined with the additional information he presents here, and the restrictive conditions he proposes. Ms. Sanchez has resided his entire life in the San Jose area or with his mother. He has no ties to any other community and nowhere else to go. He is not a flight risk.

Additionally, the fact that he is requesting release to a drug treatment program with a viable surety and custodian, in addition to other conditions, such as location monitoring, will ensure the safety of the community. Importantly, the case at hand did not involve violence, and the fact that Mr. Sanchez dropped the gun prior to being apprehended indicates that he acted to avoid violence. Moreover, Mr. Sanchez's criminal history is directly related to his substance abuse, and intensive engagement in a drug treatment program will ensure that such behavior will not reoccur.

///

///

# CONCLUSION

For the foregoing reasons, Mr. Sanchez respectfully requests the Court reopen the detention hearing, so that he may present additional evidence in support of release, revoke the July 2, 2020 detention order, and issue a new order permitting pretrial release.

Dated: January 11, 2021

Respectfully submitted,

STEVEN G. KALAR
Federal Public Defender
Northern District of California

*/s/ Severa Keith*
SEVERA KEITH
Assistant Federal Public Defender