UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GABRIEL SANCHEZ,<br><br>Defendant. | Case No. 20-cr-0282 BLF (NC)<br><br>**DETENTION ORDER**<br><br>Hearing: 8/30/2024 |

    In accordance with the Bail Reform Act, 18 U.S.C. § 3142, the Court on August 30, 2024, held a hearing to determine detention or release on supervisory conditions for defendant Sanchez. Sanchez is charged in this case with two counts of violating the terms of his supervised release. The defendant appeared at the hearing with CJA attorney Erik Babcock, with all parties and counsel (AUSA Jeffrey Backhus) appearing personally before the Court. U.S. Probation Officer Anthony Cardenas was present and argued in favor of detaining the defendant based on his record of violations and recent residential move without notice during supervision. Sanchez, through his counsel, argued for release to reside at an address in San Jose. No custodians or sureties were present.

Under Fed. R. Crim. P. 32.1(a)(6) and 18 U.S.C. §3143(a), the defendant charged with violation of supervised release has the burden of establishing by "clear and convincing evidence" that he or she will not flee or pose a danger to any other person or to the community.  Here, Sanchez did not establish evidence to overcome this burden.  On the present record, the Court concludes that no combination of conditions may presently be imposed that would mitigate the risks of non-appearance and danger to the community.  Consequently, the Court orders the defendant Thompson to be detained.  The factors that establish risk of non-appearance and dangerousness: (1) weight and seriousness of the evidence in the new charges; (2) criminal record; (3) performance while on supervision; and (4) no verified surety or custodian.  A further status hearing is scheduled before the duty magistrate judge on Sept. 23, 2024 at 1:00 p.m. in San Jose.  Probation is asked to further assess the residence proposed by Sanchez and alternatives to incarceration (residential treatment and/or a halfway house).

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant must be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on the request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED.

Date: August 30, 2024

_____
Nathanael M. Cousins
United States Magistrate Judge